ORDER (Judgment Granted)
TODD R. MATHA, Associate Judge.
INTRODUCTION
This case concerns whether a guardian can access monies on behalf of her minor child from the child’s Children’s Trust Fund [hereinafter CTF] to pay for documented costs associated with required orthodontic care of the child. The Court employed the standard enunciated in the Amended and Restated PerCapita Distribution Ordinance § 6.01(b) to assess the merit of the guardian’s request. Despite an unresolved collateral issue, the Court grants the release of CTF monies requested for the health benefit of the minor child.
PROCEDURAL HISTORY
The plaintiff, Shawn Blackdeer, initiated the current action by filing a Petition for the Release of Per Capita Disbursement with the Court on April 8, 1999. Consequently, the Court issued a Summons accompanied by the above-mentioned Petition on April 8, 1999, and delivered the documents by certified mail to the defendant, Ho-Chunk Nation Office of Tribal Enrollment. An agent of the defendant signed for the certified mailing on April 9, 1999 as indicated on the Domestic Return Receipt. The Summons informed the defendant of the right to file an Answer within twenty (20) days of the issuance of the Summons pursuant to the Ho-Chunk Nation Rules of Civil Procedure [hereinafter HCN R. Civ. P], Rule 5(B). The Summons also cautioned the defendant that a default judgment could result from *249 failure to file within the prescribed time period. The defendant, by and through Kari L. Kilday, filed a timely Answer on April 9, 1999, expressing conditional assent to the Petition. The defendant requested that the plaintiff submit two forms of documentary proof to the Court: a family financial statement and a current CTF account statement. The plaintiff complied with this request, faxing the documentation to the Court on April 29, 1999. The Court sent Notice(s) of Hearing to the parties on April 28, 1999, stating the date, time and place of the Fact Finding Hearing. The Court mailed the Notices to the correct previously identified addresses of the pai'ties. The following parties appeared at the May 13, 1999 Fact Finding Hearing: Kari L. Kilday. Shawn Black-deer failed to appear. The Court proceeded to hold the hearing by authority of HCN R. Civ. P. ⅛⅛ (C) absent any objection from the defendant and because of the plaintiffs informal request for an expedited hearing.
APPLICABLE LAW
HO-CHUNK RULES OF CIVIL PROCEDURE
Rule 5. Notice of Service of Process
(B) Summons. The Summons is the official notice to the party informing him/ her that he/she is identified as a party to an action or is being sued, that an An-siver is due in twenty (20) calendar days (See, HCN. R. Civ.P. 6) and that a Default Judgement may be entered against them if they do not file an Answer in the limited time. It shall also include the name and location of the Court, the case number, and the names of the parties, The Summons shall be issued by the Clerk of Court and shall be seiwed with a copy of the filed complaint attached.
Rule 44. Presence of Parties and Witnesses
(C) Failure to Appear. If any party fails to appear at a hearing or trial for which they received proper notice, the case may be postponed or dismissed, a judgement may be entered against the absent party, or the Court may proceed to hold the hearing or trial.
HCN AMENDED AND RESTATED PER CAPITA DISTRIBUTION ORDINANCE
Section 6.01. Minors a nd Other Legal incompetents
(a) The interests of minors and other legally incompetent Members, otherwise entitled to receive per capita payments, shall, in lieu of payment to such minor or incompetent Member, be disbursed to a Children’s Trust Fund which shall establish a formal irrevocable legal structure for such CTF’s approved by the Nation’s Legislature as soon after passage of this Ordinance as shall be practical, with any amounts currently held by the Nation for passage for the benefit of minor or legally incompetent Members, and all additions thereto pending approval and establishment of such formal irrevocable structure, to be held in an account for the benefit of each such Member-beneficiary under the supervision of the Trial Court of the Nation. Trust assets of such CTF’s shall be invested in a reasonable and prudent manner which protects the principal and seeks reasonable return. The trust assets of each such account maintained for a minor shall be disbursed to the Member-beneficiary thereof upon the earlier of (i) said Member-beneficiary meeting the dual criteria of (a) reaching the age of eighteen (18) and (b) producing evidence of personal acquisition of a high school diploma or an HSED or a GED, *250 if and only if, the Member’s state of residence does not offer a more comprehensive testing alternative (hereinafter defined as “equivalent academic credential”) to the Enrollment department, or evidence that a diploma could not be obtained due to handicap or learning disability notwithstanding the minor’s diligent effort to complete high school and obtain a diploma or (ii) the Member reaches the age of twenty-one (21); provided that this provision shall not operate to compel disbursement of funds to Members legally determined to be incompetent. In the event a Member, upon reaching the age of eighteen (18) does not produce proof of personal acquisition of a high school diploma or equivalent academic credential, or evidence of substantial disability and diligent effort to complete high school, such Member’s per capita funds shall be retained in the CTF account and shall be held on the same terms and conditions applied during the Member-beneficiary’s minority until the earliest to occur of (x) the Member produces the required diploma or equivalent academic credential; (y) the Member reaches the age of twenty-one (21); or, (z) the Member is deceased. Notwithstanding the continuation of the CTF up to the Member-reaching age twenty-one (21), the Member failing to meet the graduation requirement shall be entitled to directly receive all per capita distributions as and when made to all qualified adult Members after said Member’s eighteenth (18) birthday, unless determined to be legally incompetent and therefore subject to a CTF.
(b) Funds in the CTF of a minor or legally incompetent member may be available for the benefit of a beneficiary’s health, education and welfare when the needs of such person are not being met from other Tribal funds or other state or federal public entitlement program, and upon a finding of special need by the Ho-Chunk Nation Trial Court. In order to request such funds, (1) a written request must be submitted to the Nation’s Trial Court by the beneficiary’s parent or legal guardian detailing the purpose and needs for such funds; and, (2) the parent or legal guardian shall maintain records and account to the Trial Court in sufficient detail to demonstrate that the funds disbursed were expended as required by this Ordinance and any applicable federal law; and, (3) any other standards, procedures and conditions that may be subsequently adopted by the Legislature consistent with any applicable federal law shall be met.
FINDINGS OF FACT
1. The minor child, C.B.B, is an enrolled member of the Ho-Chunk Nation, Tribal ID# 439A004569.
2. The parties received proper notice of the May 13, 1999 Fact Finding Hearing.
3. The mother of the minor child, Shawn M. Blaekdeer, has shown a personal financial inability to pay for the required orthodontic care.
4. Dr. Jeffrey H. Fordice, D.D.S., directed a letter to the Court explaining the planned orthodontic procedures and establishing the cost for such procedures at $3590.00. Dr. Fordice has overseen orthodontic care for C.B.B. since November 20, 1997.
5. C.B.B. experiences difficulty chewing and swallowing food, often choking.
6. The Ho-Chunk Nation Department of Health withdrew coverage for orthodontics under its At-Large Health Management/Insurance Program on March 10, *251 1999, thereby affecting the ongoing orthodontic treatment of C.B.B.
7. Dr. Fordiee scheduled C.B.B. to resume orthodontic care for the abovemen-tioned problem on May 25, 1999.
8. As of April 29, 1999, C.B.B. had a total amount of $32,074.30 deposited in the CTF.
9. No state or federal entitlement programs exist to cover1 the cost of orthodontic treatment. Access to tribal funds for the same purpose proves speculative, and the expressed immediacy of the situation counsels against reliance on an uncertain alternative.[2]
DECISION
The Court concludes that special need exists in the instant case in light of the documented financial position of the family coupled with the urgency of the orthodontic care. The Court further concludes that the plaintiff has reasonably exhausted efforts to secure assistance through other tribal funds or other state or- federal entitlement programs. The Court notes that it previously granted release of CTF monies for the orthodontic needs of a minor child in the case of in the Interest of C.J.T. by Bonnie Hanson v. HCN Enrollment Department, HCN Tr. Ct., March 25, 1998, thereby recognizing the apparent health benefit derived from such care. Based upon the foregoing, the Court deems that the request of the plaintiff satisfies the standard articulated in the HCN Amended and. Restated Per Capita. Distribution Ordinance § 6.01(b).
The Court accordingly directs the Ho-Chunk Nation Treasury Department to release a check in the amount of $3,590.00 made payable to Shawn Blackdeer. The Court appoints Shawn Blackdeer the trustee of C.B.B. for the purpose of properly distributing and accounting for such funds. The trustee shall submit a financial accounting report to the Court within six (6) months of the disbursement of the CTF check. The report shall include copies of all bills, receipts and other documentation corroborating the expenditure of the authorized funds. The Court shall close the case upon receipt of final accounting or when the minor child becomes eligible for receipt of the balance of the CTF account in accordance with the HCN Amended a nd. Restated Per Capita. Distribution Ordinance § 6.01(a).
All parties have the right to appeal a final judgement or order of the Trial Court. If either party is dissatisfied with the decision of this Court, they may file a Notice of Appeal with the Ho-Chunk Supreme Court within thirty (30) calendar days from the date this Court renders such final judgment or order. The Notice of Appeal must show service was made upon the opposing party prior to its acceptance for filing by the Clerk of Court. The Notice of Appeal must explain the reason the party appealing believes the decision appealed from is in error. All appellate pleadings to the Ho-Chunk Supreme Court must be in conformity with the re *252 quirements set by the Ho-Chunk Supreme Court in accordance with the Ho-Chunk Nation Rules of Appellate Procedure.
IT IS SO ORDERED this May 21, 1999 at the Ho-Chunk Nation Trial Court in Black River Falls, Wisconsin from within the sovereign lands of the Ho-Chunk Nation.

. The Court directed the defendant at the May 13, 1999 Fact Finding Hearing to ascertain whether or not the Ho-Chunk Nation Legislature has established standards for granting financial assistance to members from the Charitable Contributions line item. The Court had noted legislative assistance granted to an Area V member for a similar concern as recorded in the legislative meeting minutes of April 13, 1999. The defendant, however, responded by expressing overall uncertainty with the process. In that the statutory standard impliedly requires a beneficiary to exhaust tribal resources prior to accessing CTF monies, this Court must direct like petitioners to the HCN Legislature absent exigent circumstances or future clarification from the HCN Legislature.